IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY HICKS, #673001,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:10-CV-0097-L |
| | § | |
| DON BENSON, et al.,<br>    Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Coffield Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas.

Defendants are Don Benson, Board of County Commissioners of Johnson County, Sheriff Bob Alford, John Doe Deputy Sheriff, John Doe employee of Walls Regional Hospital, the Board of Directors and Superintendent of Walls Regional Hospital, John Doe prosecutor for Johnson County, and State District Judge Charles Cooke. The court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff complains of events that occurred in July 1993, when

Defendants forced him under duress and restraint to give a blood specimen at a hospital in violation of his constitutional rights. He requests injunctive, declaratory and monetary relief.

<u>Findings and Conclusions</u>: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915, as it relates to civil actions filed by prisoners, to include a "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

A review of the U.S. Party and Case Index reflects that Plaintiff has had three prior *in forma pauperis* actions, filed while a prisoner, which were dismissed with prejudice as frivolous or for failure to state a claim. *See Hicks v. Johnson County Law*, 3:94cv228 (N.D. Tex., Dallas Div., Mar. 4, 1994) (dismissed as frivolous); *Hicks v. Johnson County Law, et al.*, No. 4:97cv0265 (N.D. Tex., Dallas Div., Apr. 30, 1997) (dismissed with prejudice at screening stage), *appeal dismissed as frivolous*, No. 97-10634 (5th Cir. Dec. 11, 1997); *Hicks v. Martin, et al.*, No. 6:98cv676 (E.D. Tex., Tyler Div., May, 27, 1999) (dismissed as frivolous and for failure to state a claim).

Plaintiff accrued a total of four "strikes" under § 1915(g). He accumulated one "strike" for each district court's dismissal in the three actions described above. *Adepegba*, 103 F.3d at 387-88 (when district court dismisses case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under § 1915(g) once the judgment becomes final). He

accumulated an additional "strike" for the dismissal of the frivolous appeal in No. 97-10634. *See Id.* (dismissal of appeal as frivolous counts as a strike for purposes of § 1915(g)).

Because Plaintiff has accumulated three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint presents no claim that Plaintiff is in danger of any physical injury. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba*, 103 F.3d at 388. *See also Banos*, 144 F.3d at 883-84. All of Plaintiff's claims relate to events that occurred in 1993 when Defendants allegedly forced him to give a blood specimen.

Accordingly, the District Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action as barred by three strikes unless Plaintiff pays the full filing fee of $350.00 within the next fourteen days. *See Adepegba*, 103 F.3d at 388.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion to proceed *in forma pauperis* (Docket #2).

It is further recommended that the District Court DISMISS this action as barred by the three strikes provision of 28 U.S.C. § 1915(g) unless Plaintiff tenders the $350.00 filing fee to

---

[1] Alternatively, Plaintiff's complaint should be dismissed as time barred. Over sixteen years have elapsed since the events giving rise to the claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (§ 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Plaintiff has not demonstrated that he is entitled to equitable tolling of the limitations period. Tex. Civ. Prac. & Rem. Code Ann. § 16.001. Nor does his imprisonment act to toll the statute of limitations under Texas law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

the District Clerk within fourteen (14) days of the filing of this recommendation.

Signed this 25th day of January, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.