IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRACY HICKS**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. **3:10-CV-0097-L** |
| | § | |
| **DON BENSON, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed January 25, 2010. The magistrate judge recommends denying Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, filed January 20, 2010, and dismissing this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g), unless Plaintiff paid the full filing fee within fourteen days of his order.

On February 4, 2010, Plaintiff Tracy Hicks moved for an extension of his deadline to file objections and to pay the filing fee. The court granted his motion in part; it extended his deadline but not to the extent requested by Plaintiff. Plaintiff's deadline to file objections and to pay the filing fee was therefore extended until March 12, 2010. On March 15, 2010, Plaintiff paid $20 of the filing fee, and his objections were filed on March 17, 2010. The court considers his objections timely.

The magistrate judge found that Plaintiff was not entitled to proceed *in forma pauperis* because he had already had four "strikes" against him pursuant to 28 U.S.C. § 1915(g), due to three prior civil actions dismissed as frivolous and an appeal dismissed as frivolous. He also determined that Plaintiff was not under imminent danger of serious physical injury. Plaintiff objects to this finding because one of the cases included by the magistrate judge was dismissed in 1994, two years before the passage of the Prison Litigation Reform Act ("PLRA"). The court **overrules** this objection. This circuit has held

**Memorandum Opinion and Order– Page 1**

that cases dismissed as frivolous before the enactment of the PLRA count as "strikes" under that law. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Even if the court were not to consider the 1994 dismissal, Plaintiff has three other strikes under the statute.

The court therefore finds that Plaintiff is not entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court never granted Plaintiff leave to file his filing fee in "part," contrary to his assertion. It simply extended his deadline to pay the full filing fee until March 15, 2010. Plaintiff has failed to do so.

The magistrate judge found in the alternative that Plaintiff's claims were time barred because he did not file these section 1983 claims for more than sixteen years after his alleged deprivation of rights and injury. Plaintiff objects to this conclusion and argues that he only recently learned of the nature of his injury and therefore the statute of limitations should be equitably tolled. The court has reviewed the complaint, the magistrate judge's report, and Plaintiff's objections. It is clear that given the nature of Plaintiff's claim and what he contends occurred, he should have easily discovered his injury had he exercised diligence. Moreover, since Plaintiff is claiming use of excessive force, he was on actual notice since that time. The court therefore **overrules** Plaintiff's remaining objections and finds that this civil action is time barred and that dismissal is also warranted on that ground.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court **denies** Plaintiff's Application to Proceed *In Forma Pauperis*, filed January 20, 2010. The court ordered Plaintiff to pay the full filing fee by March 15, 2010; he failed to do so. The court therefore **dismisses** this action **without prejudice** pursuant to 28 U.S.C. § 1915(g) for Plaintiff's failure to pay the full

filing fee by March 15, 2010. In the alternative, the court finds that Plaintiff's claims should be **dismissed with prejudice** as time barred.

    **It is so ordered** this 19th day of March, 2010.

                                                                     _____
                                                                     Sam A. Lindsay
                                                                      United States District Judge